UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Fields, | ) | CASE NO. 1:23 CV 1340 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Norm Robinson[1], | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes, Jr. (Doc. 19) which recommends denial of the pending Petition for Writ of Habeas Corpus. Petitioner filed objections. For the following reasons, the Report and Recommendation is ACCEPTED.

**Facts**

This case arises out of three separate indictments filed against petitioner relating to

---

[1] Respondent states that petitioner is currently incarcerated at the North Central Correctional Complex where Tom Watson is the Warden.

1

incidents involving thefts of cigarettes from three different delivery trucks. Petitioner was charged with theft, aggravated robbery with a firearm specification, kidnaping, and having weapons while under a disability. Petitioner was ultimately convicted in two separate trials. This Petition concerns the first trial wherein petitioner was found guilty of all counts and sentenced by the trial court.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "The judge must determine *de novo* any proposed findings or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." See also Fed. R. Civ. P. 72(b)(3) (The court must review *de novo* any part of the Report and Recommendation which has been properly objected to by the petitioner).

### Discussion

The Petition asserts one claim for ineffective assistance of trial counsel with six subclaims. The Magistrate Judge found the first, second, and sixth subclaims to be procedurally defaulted and otherwise meritless. He found subclaims three, four, and five to fail on the merits.

Petitioner presents two objections. First, petitioner objects to the Magistrate Judge's conclusion that subclaims three, four, and five fail on the merits. He focuses only on subclaim four wherein he attacks his trial counsel's failure to clarify that the car used in one of the incidents was registered to his son. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). The state court of appeals rejected this claim and found that counsel made a strategic

decision and that no prejudice was suffered. The Magistrate Judge concluded that petitioner offered nothing to overcome that court's finding. The Court agrees with respondent that petitioner has not shown that the court of appeals's decision was unreasonable. Nor has petitioner overcome the deference afforded the state court's factual findings despite his assertion of false evidence. Accordingly, the Court agrees with the Magistrate Judge and incorporates his findings herein.

Second, petitioner objects on the basis that the Magistrate Judge "failed to assess [the Petition] based on the entire record." (Doc. 31 at 9). Petitioner maintains that the Magistrate Judge did not review the full state court record which included a DVD of the trial and pretrial hearings, and a CD of the record filed in the state court of appeals. As pointed out by respondent, however, the state court record consists of transcripts and exhibits. There is no basis to conclude that a DVD or CD exists.

Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein by reference, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is accepted and the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/19/25